Kathleen A. McCallister
Chapter 13 Trustee
P.O. Box 1150
Meridian, ID  83680
(208) 922-5100 - Telephone
(208) 922-5599 - Facsimile
kam@kam13trustee.com

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF IDAHO

| IN RE: | CHAPTER 13 |
|---|---|
| JOHNATHAN GLEN MAUPIN | CASE NO.  25-40104-NGH |

### TRUSTEE'S OBJECTION TO MOTION TO CONTINUE EVIDENTIARY HEARING

NOW COMES Kathleen A. McCallister, the standing Chapter 13 Trustee for the United States Bankruptcy Court for the District of Idaho and as for her Objection to Debtor's Motion to Continue the Evidentiary Hearing on Confirmation states as follows:

1. Debtor filed this case on February 19, 2025.

2. Trustee has not been in a position to recommend confirmation of Debtor's plan as Trustee contends that Debtor has failed to list all his assets.

3. On June 10, 2025 this matter was set for an evidentiary hearing on Trustee's Objection to Confirmation.  Trustee requested the July 17th date as she knew the Court would be in Pocatello on July 17, 2025 and she was already planning to travel to Pocatello on said date for another evidentiary hearing.

4. Traveling to Pocatello for an evidentiary hearing is costly for Trustee's office and time consuming as it requires about 8 hours of travel time for a round trip.  Trustee notes that her office does not receive any fees or costs on cases dismissed prior to confirmation.

5. Two weeks later, on June 24, 2025, Counsel emailed the Trustee and the Court and advised that his client was in Oregon for business July 17 through July 23, 2025 and is unavailable for court on July 17th.

6. Debtor is self-employed and in the business of repossessing and towing vehicles.  Upon receiving a copy of the email on June 24, 2025. Trustee requested proof that this trip was for business.  None was provided.

  7. Counsel sent a copy of a hotel reservation indicating it was made in June but it failed to indicate the date the reservation was actually made. It could have been made any time after the Court set the matter for an evidentiary hearing or even earlier that day.

  8. Trustee emailed Mr. Ross indicating she would agree to the continuance if the hearing was held in Boise, Idaho but did not receive a response.

  9. Debtor filed this Motion to continue the evidentiary hearing but no longer asserts that Debtor's trip is for business.

  10. Creditors are being delayed as Trustee is to pay for two vehicles, priority claims, and unsecured debt of $102,333.47 and this case has been pending now for over four months. This case needs to move forward so Trustee can begin disbursing funds.

  11. In the alternative, the Debtor could file amended schedules listing all his assets as is required. Since this is currently a 100% plan and would meet the best interest of the creditor's requirement, Trustee would then be able to recommend confirmation of his plan.

  WHEREFORE, Trustee objects to continuing the evidentiary hearing on confirmation of the Chapter 13 Plan for the foregoing reasons.

DATED: June 30, 2025

                  /s/ *Kathleen McCallister*
                  Kathleen McCallister, Trustee

# CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on June 30, 2025, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Office of the U.S. Trustee
ustp.region18.bs.ecf@usdoj.gov

PAUL ROSS
**Attorney at Law**
paul@idbankruptcylaw.com

AND I FURTHER CERTIFY that on such date I served the foregoing on the following non CM/ECF Registered Participants in the manner indicated:

Via first class mail, postage prepaid addressed as follows:

**JOHNATHAN GLEN MAUPIN**
**38 SOUTH 900 WEST**
**BLACKFOOT, ID 83221**

　　　　　　　　　　　　　　　　　　　　　　　　 /s/ *Kathleen McCallister*
　　　　　　　　　　　　　　　　　　　　　　　　Kathleen McCallister, Trustee