UNITED STATES BANKRUPTCY COURT
DISTRICT OF IDAHO

In re:

JOHNATHAN GLEN MAUPIN,

    Debtor.

Case No. 25-40104-BRW

Chapter 13

### MEMORANDUM DECISION

**Appearances**:

    Paul Norwood Jonas Ross, Idaho Bankruptcy Law, Paul, Idaho, Attorney for the Debtor

    Jeffrey Philip Kaufman, Office of Kathleen McCallister, Boise, Idaho, Attorney for the Chapter 13 Trustee

### I. INTRODUCTION

Before the Court is the Application to Employ Special Counsel (Doc. No. 74) (the "Application") filed by chapter 13 debtor Johnathan Glen Maupin (the "Debtor") on August 14, 2025. Because the chapter 13 trustee (the "Trustee") has declined to seek Court approval to hire counsel to pursue a prepetition legal malpractice claim, the Debtor seeks an order authorizing the Debtor to hire counsel to pursue such action under 11 U.S.C. § 327.[1] The Trustee has objected to the Application. Doc. No. 78.

On November 4, 2025, the Court conducted a hearing on the Application and on confirmation of the Debtor's amended chapter 13 plan (Doc. No. 96) (the "Plan"). At the hearing the Court confirmed the Plan and took the Application under advisement. This

---

[1] Hereinafter, unless otherwise indicated, all chapter and section references are to the Bankruptcy Code (11 U.S.C. §§ 101-1532), and all "Rule" references are to the Federal Rules of Bankruptcy Procedure.

MEMORANDUM DECISION - 1

Memorandum Decision resolves this contested matter as to the Application.  Rules 9014(c) and 7052.

While there are cases holding otherwise, the Court concludes that § 327 and Rule 2014 do not authorize this Court to approve an application to employ filed by a debtor in a chapter 13 case, and as such, the Application is denied.  Nevertheless, the Debtor may pursue the claim as the real party in interest and hire counsel to do so; however, there are additional requirements of counsel for the Debtor when pursuing a claim that is property of the bankruptcy estate.

## II. JURISDICTION, AUTHORITY, AND VENUE

The Court has subject matter jurisdiction over this proceeding pursuant to 28 U.S.C. § 1334(b) and the constitutional authority to issue a final order in this core matter under 28 U.S.C. § 157(b)(2)(A).  Venue is appropriate in this Court under 28 U.S.C. §§ 1408 and 1409.

## III. FACTS AND PROCEDURAL HISTORY

The Debtor filed this chapter 13 case on February 19, 2025.  Doc. No. 1.  In amended schedules filed on April 11, 2025, the Debtor disclosed the malpractice claim against his former divorce attorney, which accrued prepetition.  Doc. No. 39.

Apparently, the Debtor requested that the Trustee pursue the claim through counsel, which request the Trustee refused.  In response, the Debtor filed the Application on August 14, 2025.  Doc. No. 74.  In the Application, the Debtor again discussed the legal malpractice claim related to a divorce action in 2023 and sought approval of this Court under § 327 to hire a law firm that the Debtor had selected.  *Id.* at 2.

Attached to the Application, at Exhibit A, the Debtor provided a copy of the "Contract of Representation" between the Debtor and the law firm of Cooper & Larsen, Chartered.  Doc. 74-1 at 1.  Within the contract, the Debtor agreed to a contingency fee of 40% of the gross amount of

MEMORANDUM DECISION - 2

all sums received in pursuing a legal malpractice action. *Id.* The contract provided if there is no recovery, the Debtor will owe no attorney fees. *Id.* However, the Debtor agreed that he will be responsible for any costs incurred in the case. *Id.* The contract was dated and signed by the Debtor and the law firm in August 2025. *Id.* at 2.

The Trustee objected to the Application on September 3, 2025, contending that § 327 does not permit a chapter 13 debtor to employ professional persons on behalf of the bankruptcy estate, and citing *In re Smith*, 637 B.R. 758 (Bankr. S.D. Ga. 2022). Doc. No. 78 at 1.

On October 7, 2025, the Court conducted a hearing on confirmation of the Debtor's proposed chapter 13 plan and on the Application. Because the Court required the Debtor to file an amended chapter 13 plan to address the bankruptcy attorney fees disclosed in the prior plan, the Court continued the hearing on the Application to the same date as confirmation of the to-be-filed amended chapter 13 plan. Doc. No. 93.

On October 24, 2025, the Debtor filed a Reply to Trustee's Objection to Application to Employ Special Counsel. Doc. No. 95. Therein, the Debtor argued that, pursuant to applicable Idaho law, the Trustee is the party with standing to pursue claims held by the bankruptcy estate in a chapter 13 case, and cited to *Houpt v. Wells Fargo Bank Nat'l Ass'n*, 370 P.3d 384 (Idaho 2016) and *McCallister v. Dixon*, 303 P.3d 578 (Idaho 2013). *Id.* at 1. In addition, the Debtor acknowledged there is conflicting case law on the issue of whether a chapter 13 debtor can hire counsel under § 327 and cited and discussed those cases. *Id.* at 2-3. Ultimately, given the conflicting case law and analysis on this issue, the Debtor requested the Court enter an order approving the Application, or in the alternative, an order denying the Application but expressly permitting the Debtor to proceed with hiring counsel and pursuing the cause of action. *Id.* at 3.

MEMORANDUM DECISION - 3

On October 27, 2025, the Debtor filed the amended Plan, which included the necessary revisions. Doc. No. 96. The Plan proposes a one hundred percent distribution to creditors over the course of 60 months. *Id.* Relevant to the Application, Section 8.1 of the Plan provides that the legal malpractice claim would "remain property of the estate and any net proceeds will be paid to the estate. [The] Debtor filed an Application to Employ an attorney on behalf of the estate." *Id.* at 4. Notably, Section 7.1 of the Plan provides that property of the estate will vest in the Debtor upon confirmation of the Plan. *Id.*

The Plan came before the Court for confirmation on November 4, 2025. Doc. No. 106. The Court also conducted a continued hearing on the Application. *Id.* At the hearing, the Court confirmed the Plan with changes to be provided in a proposed order to follow. *Id.* The Court entered an order confirming the Plan on November 28, 2025. Doc. No. 112.

During the hearing, the Court questioned the Debtor about whether the Application would be mooted by confirmation of the Plan due to the vesting of property of the estate in the Debtor upon confirmation. In response, the Debtor stated his belief that an order is needed either authorizing the employment of counsel by the Debtor or denying such relief but expressly determining that the Debtor retains the right to pursue said action. Furthermore, the Debtor admitted at the hearing that, due to the approaching statute of limitations on the malpractice claim, proposed counsel for the Debtor has already filed the lawsuit initiating the action.

## IV. LAW AND ANALYSIS

The Application referenced a request to hire "special counsel" under § 327. That section provides, in relevant part:

> The trustee, with the court's approval, may employ, for a specified special purpose, other than to represent the trustee in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold

MEMORANDUM DECISION - 4

> any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed.

§ 327(e). More general representation is covered by § 327(a). That section provides, in pertinent part:

> Except as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys . . . that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

§ 327(a). Finally, Rule 2014 provides that the "court may approve the employment of an attorney . . . under § 327 . . . only on the trustee's . . . application." Rule 2014(a).

In a chapter 13 case, the debtor generally does not have the rights and powers of a "trustee." *See* § 1302(a) (stating a "standing trustee" would be appointed by the U.S. Trustee to administer chapter 13 cases); § 1303 (listing the limited sections of § 363 under which the chapter 13 debtor has "the rights and powers of a trustee"). This is contrasted with the debtor in a chapter 11 case who acts as a debtor-in-possession, which includes the rights, powers, and obligations of a "trustee." *See* § 1107 (stating in a chapter 11 case "a debtor in possession shall have all the rights, . . . and powers, and shall perform all functions and duties . . . of a trustee serving in a case under this chapter"); § 1101(1) (defining a debtor-in-possession as the debtor).

According to the *Collier* treatise, "[b]ecause section 327 addresses the retention of professionals by a trustee, it does not by its terms apply to the retention of professionals by a debtor that is not a debtor in possession. Thus, a debtor in a case under . . . chapter 13 does not need court approval before retaining counsel . . . ." 3 COLLIER ON BANKRUPTCY ¶ 327.01 (Richard Levin & Henry J. Sommer eds., 16th ed.) (footnote omitted).

While the text of § 327 and the plain interpretation provided in the *Collier* treatise appear straightforward, applying only to trustees seeking to hire counsel and not to chapter 13 debtors,

MEMORANDUM DECISION - 5

bankruptcy courts have disagreed with this conclusion for various reasons. *See, e.g.*, *In re McLemore*, No. 20-32131-WRS, 2022 WL 362915, at *5 (Bankr. M.D. Ala. Feb. 7, 2022), *rev'd on other grounds*, *Shunnarah Injury Lawyers, P.C. v. McLemore (In re McLemore)*, No. 2:22CV134-ECM, 2023 WL 401332 (M.D. Ala. Jan. 25, 2023) (stating that counsel representing the chapter 13 debtor in a postpetition injury claim, which was settled post-confirmation, "failed to seek approval of his employment as special counsel for the debtor as required under 11 U.S.C. § 327 or to have any attorney fees and expenses approved as required under 11 U.S.C. § 330"); *Wright v. Csabi (In re Wright)*, 578 B.R. 570, 582 (Bankr. S.D. Tex. 2017) (noting the split of authority on a chapter 13 debtor engaging counsel under § 327, but holding in that district, *per a local rule*, a chapter 13 debtor must nevertheless seek employment under § 327 "for the purpose of prosecuting a tort claim"); *In re Goines*, 465 B.R. 704, 706-07 (Bankr. N.D. Ga. 2012) (holding "that the word 'trustee' in § 327(e) includes a Chapter 13 debtor-in-possession . . . [who] has the authority and duty to file an application to employ special counsel" and further concluding "[t]he statutory scheme would make no sense if the Chapter 13 debtor had the authority to pursue, control, litigate and settle pre-petition claims, but the duty to file the application to employ special counsel under § 327 was on the Chapter 13 trustee"); *In re Jenkins*, 406 B.R. 817, 819 (Bankr. N.D. Ind. 2009) (holding "the term 'trustee' in 11 U.S.C. § 327(e) is to be read as a "chapter 13 debtor[]'"); *Env't Lit. Grp., P.C. v. Crawford (In re Price)*, Adv. No. 07-00017, 2007 WL 1125639, at *4, *6 (Bankr. N.D. Ala. Apr. 16, 2007) (noting that both a chapter 13 debtor and a chapter 13 trustee have standing to pursue chapter 13 debtors' prepetition lawsuits, and, relying in part on § 103(a), concluding the word "debtor" is "interchangeable with trustee" in § 327(e), and suggesting it would be "prudent to err on the side of caution" for the chapter 13 debtor to seek approval of his or her counsel under § 327).

MEMORANDUM DECISION - 6

Other bankruptcy courts have concluded that § 327 does not apply to chapter 13 debtors seeking to employ counsel, although most of these courts point out that there are nevertheless other requirements debtor's counsel must observe. *See, e.g.*, *In re Smith*, 637 B.R. 758, 774 (Bankr. S.D. Ga. 2022) (concluding § 327(e) "applies not to debtors but to trustees only[,] but noting that debtor's counsel still has obligations under § 329 and Rule 2016); *In re Rosales*, 621 B.R. 903, 923 (Bankr. D. Kan. 2020) (agreeing with cases concluding § 327(e) does not apply to debtors engaging counsel and noting even so that § 329, Rule 2016, and § 330(a)(4)(B) do apply to those lawyers); *In re Boyd*, 618 B.R. 133, 174 n.34 (Bankr. D.S.C. 2020) (acknowledging the split of authority but concluding § 327 only applies to trustees' hiring of counsel but noting the § 329 and Rule 2016 requirements for debtor's counsel); *In re Blume*, 591 B.R. 675, 679 (Bankr. E.D. Mich. 2018) (concluding under the circumstances of that case that § 327(e) does not apply to the chapter 13 debtor's engagement of counsel); *In re Gilliam*, 582 B.R. 459, 465-66 (Bankr. N.D. Ill. 2018) (holding § 327 engagement of counsel for chapter 13 debtors is not necessary, but disclosure and approval of their compensation is necessary); *In re Scott*, 531 B.R. 640, 645 (Bankr. N.D. Miss. 2015) (same); *In re Gorski*, 519 B.R. 67, 71 (Bankr. S.D.N.Y. 2014) (rejecting the chapter 13 debtor's divorce counsel's contention that the debtor was required to seek his retention in the bankruptcy case under § 327, finding divorce counsel violated § 329 and Rule 2016, imposing sanctions on debtor's divorce counsel for the violation, and evaluating counsel's fees under § 330(a)(4)(B)); *In re Jones*, 505 B.R. 229, 231 (Bankr. E.D. Wis. 2014) (holding there is no authority for the chapter 13 debtor to hire counsel under § 327 and rejecting cases holding otherwise but noting the application of § 329 and § 330(a)(4)(B) requirements); *In re Cahill*, 478 B.R. 173, 176 (Bankr. S.D.N.Y. 2012) (same); *In re Maldonado*, 483 B.R. 326, 330 (Bankr. N.D. Ill. 2012) (noting § 327 does not apply in chapter 13 cases).

MEMORANDUM DECISION - 7

Upon review of the case law and consideration of the plain language of § 327 and Rule 2014, the Court concludes a chapter 13 debtor need not file an application to employ counsel under that section and rule to pursue a claim that is property of the bankruptcy estate. Nevertheless, an attorney for a chapter 13 debtor, despite not being employed under § 327, still has obligations under the Bankruptcy Code and the Rules. Counsel for the debtors in that circumstance are governed by § 329, which requires the filing of a statement of compensation paid or agreed to be paid to that attorney (§ 329(a)) and subjects the agreed upon compensation to review by the bankruptcy court (§ 329(b)). Moreover, counsel is governed by Rule 2016 (governing applications for compensation and disclosure of such compensation) as well as Rule 2017 (allowing the bankruptcy court to examine payments to counsel by a debtor). Finally, an application for compensation is required of counsel representing a chapter 13 debtor pursuant to § 330(a)(4)(B) and Rule 2016(a).

While the above analysis resolves the Application, the Debtor raised a further issue in his reply stemming from the Idaho Supreme Court cases of *Houpt v. Wells Fargo Bank Nat'l Ass'n*, 370 P.3d 384 (Idaho 2016) and *McCallister v. Dixon*, 303 P.3d 578 (Idaho 2013), which requires further comment. The Debtor's analysis of those cases raised the concern that the Trustee is the only "proper party" to bring the claim. Doc. No. 95 at 1.

The Debtor's concerns are warranted based on the broad language used in some of the reported decisions. While the scope of the statements made in those cases may seem to foreclose a chapter 13 debtor's ability to pursue a claim in situations like that presented here, the Idaho Supreme Court cases must be read in the context of the facts and procedural histories of those cases. Moreover, under the circumstances present in the case at bar, bankruptcy law allows a chapter 13 debtor to prosecute claims belonging to the bankruptcy estate.

MEMORANDUM DECISION - 8

The Idaho Supreme Court case law discussed by the Debtor is focused on the doctrine of judicial estoppel[2] and the real party in interest to pursue claims when those claims are property of the bankruptcy estate. For instance, *Dixon*—cited by the Debtor—and *Mowrey v. Chevron Pipe Line Co.*, 315 P.3d 817 (Idaho 2013) each held that the chapter 13 trustee (as substituted in for the debtor in *Dixon*) and the debtor (in *Mowrey*), were judicially estopped from pursuing their claims regardless of the debtor's good faith or mistake when they failed to disclose those claims in their bankruptcy schedules. *Dixon*, 303 P.3d 578 at 586; *Mowrey*, 315 P.3d at 822.

In *Dixon*, the debtor had a medical malpractice claim that accrued prepetition which the debtor failed to list as an asset in his bankruptcy schedules. The chapter 13 plan was confirmed and nearly a year later the debtor filed his malpractice action in state court. As stated, the Idaho Supreme Court ultimately concluded the debtor and the chapter 13 trustee substituting in for the debtor were judicially estopped from pursuing the claim and affirmed dismissal of it. In doing so, the supreme court remarked on the proper party having "standing" to pursue the claim, stating: "As to causes of action, the trustee of the bankruptcy estate is the only party with standing to prosecute causes of action belonging to the estate." *Dixon*, 303 P.3d at 585 (citing *Kane v. Nat'l Union Fire Ins. Co.*, 535 F.3d 380, 385 (5th Cir. 2008)).[3]

---

[2] The Supreme Court of the United States has granted a writ of certiorari in a case involving judicial estoppel in the bankruptcy context. *See Keathley v. Buddy Ayers Constr., Inc.*, No. 25-6, ___ S. Ct. ___, 2025 WL 2949568 (2025). The case below is *Keathley v. Buddy Ayers Constr., Inc.*, 2025 WL 673434, at *5 (5th Cir. Mar. 3, 2025), which held that a chapter 13 debtor who failed to disclose a personal injury claim in his bankruptcy schedules was judicially estopped from pursuing the injury claim.

[3] Notably, *Kane* was a chapter 7 case, in which the chapter 7 trustee was attempting to pursue a cause of action the debtors had failed to disclose in their bankruptcy schedules. The Fifth Circuit Court of Appeals determined that judicial estoppel *did not apply* to prevent *the trustee* from pursuing the undisclosed claim. 535 F.3d at 387-88. The Fifth Circuit relied in part upon *Biesek v. Soo Line R.R. Co.*, 440 F.3d 410, 413 (7th Cir. 2006) for this holding, noting that the Seventh Circuit in that case was unwilling to use judicial estoppel—an equitable doctrine—in a way that would harm the creditors of the bankruptcy estate by eliminating that asset due to the debtors' attempt to hide the asset from their creditors in the bankruptcy filing. *See also Reed v. City of Arlington*, 650 F.3d 571, 577-79 (5th Cir. (Continued)

MEMORANDUM DECISION - 9

*Mowrey* involved a chapter 7 bankruptcy case. The debtors did not disclose an injury claim Mr. Mowrey had against a defendant that accrued prior to the chapter 7 filing. After the bankruptcy case was closed, the debtors sued the defendant in state court on that claim. The chapter trustee apparently did not actively participate in the state case or substitute in as the party in interest. As in *Dixon*, the Idaho Supreme Court determined the debtors were judicially estopped from pursuing the claims regardless of their mistake or good faith, because they failed to disclose the claim as an asset in their bankruptcy schedules. As to the appropriate party in interest, the supreme court held that the chapter 7 trustee was the only proper party to assert the claim because it was property of the bankruptcy estate. *Mowrey*, 315 P.3d at 822–23 (citing *Dixon*, 303 P.3d at 585). The court stated the rule from *Dixon* with emphasis: "Indeed, this Court noted that '[a]s to causes of action, *the trustee* of the bankruptcy estate is the *only party* with standing to prosecute causes of action belonging to the estate.'" *Id.* at 823 (quoting *Dixon*, 303 P.3d at 585) (emphasis in original).

Finally, in *Houpt*, the Idaho Supreme Court again considered the proper party in interest argument when the claim is property of the bankruptcy estate. *Houpt* involved a chapter 7 case filed by the debtors on the eve of a foreclosure of their home by Wells Fargo. Despite it accruing prepetition, the debtors did not list their claim against Wells Fargo in their bankruptcy schedules.[4] Eventually, Wells Fargo obtained relief from the automatic stay and continued to

---

2011) (collecting cases, including *Kane* and *Biesek,* holding that judicial estoppel is not to be applied against "an innocent trustee with standing to pursue the claim"). Of course, these facts can be contrasted with another Fifth Circuit case, *Keathley v. Buddy Ayers Constr., Inc.*, 2025 WL 673434 (5th Cir. Mar. 3, 2025), which has been granted certiorari review by the Supreme Court of the United States. As mentioned, *Keathley* involved a chapter 13 debtor attempting to pursue an undisclosed personal injury claim that was property of the bankruptcy estate after his chapter 13 plan was confirmed, which claim the Fifth Circuit determined was judicially estopped. *Id.* at *5.

[4] The Idaho Supreme Court did not address the judicial estoppel argument raised by Wells Fargo because they ruled against the debtors on other grounds. *See Houpt*, 370 P.3d at 394 ("Since we find that (Continued)

MEMORANDUM DECISION - 10

pursue the foreclosure. The debtors thereafter filed a complaint in state court alleging wrongful foreclosure, among other things. The district court dismissed the debtors' claims against Wells Fargo and the Idaho Supreme Court affirmed. However, relevant to the issue presented in this case, Wells Fargo argued the debtors were not the real party in interest to pursue the claims, relying upon *Dixon* and *Mowrey*. The Idaho Supreme Court held that although the debtors were not the true party in interest at the time of filing the complaint, they were so at the time of the appeal because the chapter 7 trustee in the bankruptcy had abandoned the bankruptcy estate's interest in the debtors' real property. The Idaho Supreme Court also found that judicial economy favored a decision on the merits rather than a dismissal and subsequent refiling of the action by the debtors.

In contrast, the Debtor here has disclosed the malpractice action in his bankruptcy schedules as an asset of the bankruptcy estate. *See* Doc. No. 39. Further, the Debtor's Plan acknowledges the claim is property of the bankruptcy estate, and any recovery will be used to help fund the Plan. *See* Doc. No. 96 at ¶ 8.1 (stating the legal malpractice claim would "remain property of the estate and any net proceeds will be paid to the estate"). The Plan has now been confirmed and therefore property of the bankruptcy estate has vested in the Debtor. *See* § 1327(b) (stating confirmation "vests all property of the estate in the debtor" unless otherwise provided in the plan); *see also* Doc. No. 96 at ¶ 7.1 (providing for such vesting of bankruptcy estate property in the Debtor upon confirmation of the Plan). Even before confirmation of the Plan, a chapter 13 debtor "remain[s] in possession of all property of the estate." § 1306(b).

---

the [debtors'] claims fail for the reasons above, we do not reach the judicial estoppel argument put forth by Wells Fargo . . . .").

MEMORANDUM DECISION - 11

Based on this statutory framework, in a chapter 13 case, the debtor has standing to prosecute a claim that is property of the estate. *See, e.g.*, *DiSalvo v. DiSalvo (In re DiSalvo)*, 219 F.3d 1035, 1039 (9th Cir. 2000) (stating "'[i]n [chapter 7] liquidation proceedings, *only* the trustee has standing to prosecute or defend a claim belonging to the estate. The same cannot be said for trustees under the reorganization chapters'") (quoting *Cable v. Ivy Tech State College*, 200 F.3d 467, 472 (7th Cir. 1999) (emphasis in original)); *see also Maritime Elec. Co., Inc. v. United Jersey Bank*, 959 F.2d 1194, 1209 (3d Cir. 1991) (noting that a chapter 13 debtor could continue to prosecute prepetition claims because "an essential feature of a Chapter 13 case is that the debtor retains possession of and may use all property of the estate, including his prepetition causes of action"); *Olick v. Parker & Parsley Petroleum Co.*, 145 F.3d 513, 515 (2d Cir. 1998) (concluding a chapter 13 debtor, unlike a chapter 7 debtor, has standing to litigate causes of action not arising under the Bankruptcy Code); *In re Leahey*, 2017 WL 4286136, at *4 (Bankr. D.N.J. Sept. 26, 2017) (noting that chapter 13 trustees "were not intended by Congress to litigate actions on behalf of the chapter 13 debtor's estate, as chapter 7 trustees are"); *Donata v. Metro. Life Ins. Co.*, 230 B.R. 418, 425-26 (N.D. Cal. 1999) (concluding that a chapter 13 debtor has "concurrent standing" with the chapter 13 trustee to litigate prepetition claims).

Applying these principles to this case, the Debtor is a real party in interest to pursue the claim despite the concerns stemming from *Dixon*, *Mowrey*, and *Houpt*. Those cases, and the rule as to standing or the real party in interest, must be read in the light of the differences between a chapter 7 case and those filed under a reorganization chapter, as pointed out in *In re DiSalva* and other cases cited above. In those reorganization chapters, as is the case here, a debtor may be the proper party to pursue those claims in his or her own name without the involvement of the chapter 13 trustee.

MEMORANDUM DECISION - 12

## V. CONCLUSION

For the foregoing reasons, the Application is denied.[5] Counsel for the Debtor is nevertheless bound by and has obligations under the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure as set forth above and should follow those requirements. Counsel should also coordinate with and keep the Trustee apprised of the status of the litigation, as the claim is property of the bankruptcy estate. To the extent the matter is resolved via compromise, the Debtor and the Trustee should cooperate to bring the compromise before the Court pursuant to Federal Rule of Bankruptcy Procedure 9019.

A separate order will be entered.

DATED: November 21, 2025

Brent R. Wilson
U.S. Bankruptcy Judge

---

[5] While the Application is denied, the Court appreciates the Debtor's counsel's thoughtful approach in bringing the issues before the Court at an early date, possibly preventing future difficulties related to this matter.

MEMORANDUM DECISION - 13